1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 89cr0014 JM |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS OSC PETITION |
| vs. | |
| LARRY DANIEL, | |
| Defendant. | |

Defendant Larry Daniel moves to dismiss the Order to Show Cause Petition on the ground that the delayed revocation hearing at issue violated Rule 32.1(b)(2) and 18 U.S.C. §3583(i). The Government opposes the motion. Having carefully considered the moving papers, appropriate authorities, the court record, the arguments of counsel and, for the reasons set forth below, the motion to dismiss the OSC Petition is denied.    **BACKGROUND**

On June 5, 1989, Defendant pleaded guilty to count one of the superceding indictment in the above referenced action, charging him with conspiracy to manufacture and distribute cocaine base in the above referenced action. On the same date, Defendant pleaded guilty to count two in the superceding indictment in Case No. 88cr0936 H, also charging him with conspiracy to manufacture and distribute cocaine base. On August 14, 1989 Defendant was sentenced in both cases to concurrent terms of 151 months in custody and five years supervised release.

On August 20, 2004 the United States Probation Office ("USPO") issued the first OSC Petitions in both federal cases, alleging that Defendant violated five terms of supervised release. A

1  criminal complaint, filed in San Diego Superior Court on or about July 24, 2004, charged Defendant

2  with attempted murder, assault with a deadly weapon, shooting into an inhabited vehicle, and felon

3  in possession of a firearm.  On November 3, 2004 Defendant was arrested on the San Diego warrants

4  in Nevada and transferred to this district.  In both cases, Defendant was arraigned before Judge Huff

5  in 88cr0936 on January 4, 2005 and on January 18, 2005 in 89cr0014.  On January 18, 2005, the date

6  of a scheduled contested OSC revocation hearing before Judge Huff in 88cr0936 H, the Government

7  requested that both OSC Petitions be dismissed without prejudice and Defendant requested a dismissal

8  with prejudice.

9  　　　At the time of the hearing before Judge Huff, the Government represented that the primary

10  reason for the dismissal was to permit the state murder charges to proceed prior to a hearing on the

11  OSC Petitions.  (Def't Exh. B, R.T. at p.1-2).  The Government explained that the federal warrants

12  were executed before the California State warrants and that a remand of Defendant to state custody

13  would allow the state complaint to be prosecuted.  The Government also acknowledged that the OSC

14  Petition did not comply with the warrant requirements identified in the November 22, 2004 decision

15  in United States v. Vargas-Amaya, 389 F.3d 901, 903 (9th Cir.2004).

16  　　　Judge Huff granted the motion to dismiss the OSC Petitions without prejudice.  The court

17  permitted USPO to file amended OSC Petitions and, on January 18, 2005 Judge Huff executed a new

18  no-bail bench warrant in case number 88cr0936.  On January 19, 2005 the undersigned issued a no-

19  bail bench warrant in 89cr0014.

20  　　　On October 24, 2005 Defendant pleaded guilty in state court to one count of Penal Code

21  §245(a)(2) (assault with a firearm), and was sentenced to five years in state prison.  Upon his release,

22  on April 23, 2009, Defendant was arrested on the no-bail federal bench warrants.

23  　　　Defendant has been arraigned on both OSC Petitions.  On May 15, 2009 Judge Huff conducted

24  a revocation hearing in 88cr0936 H.  Judge Huff denied Defendant's motion to dismiss the OSC

25  Petition, revoked supervised release upon Defendant's admission to the violation, sentenced

26  Defendant to time served, and terminated supervised release.  (88cr0936 H, Docket No. 847).

27  　　　　　　　　　　　　　　　　　　**DISCUSSION**

28  　　　Defendant contends that the court forfeited jurisdiction when it dismissed the first OSC

Petitions because he was in federal custody and ready to proceed with a disputed revocation hearing on January 18, 2005, when the OSC Petitions were dismissed without prejudice. Rule 32.1 requires a revocation hearing within "a reasonable time in the district having jurisdiction." Fed.R.Crim.P. 32.1(b)(2). 18 U.S.C. §3583(i) provides:

> **(i) Delayed revocation**. – The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), <u>a further term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration</u> if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

(Emphasis added).

The Government responds that once the original OSC Petitions were dismissed, the Defendant was no longer in federal custody and therefore the court should apply the general rule, as articulated in <u>United States v. Garrett</u>, 253 F.3d 443, 449 (9th Cir. 2001). In <u>Garrett</u> the Ninth Circuit held that the period of time referenced by §3583(i) encompasses delays attributable to a defendant's incarceration on state charges. In <u>Garrett</u>, like the typical case, the defendant is on federal supervised release when he commits a state crime. In <u>Garrett</u>, the district court issued a supervised release violation warrant one day before the expiration of the period for supervised release. The federal detainer was lodged against the defendant while he completed his state sentence. Upon completion of his state sentence, the warrant was executed and the defendant transferred to federal custody. The Ninth Circuit concluded that the purpose of §3583(i) "was to assure reasonable speed of federal adjudication after the defendant is in federal custody" and not to require the federal Government to writ in supervised release violators who are in state custody. 253 F.3d at447-50.

Here, the court concludes that the timing of the present revocation hearing is reasonably necessary for adjudication of the allegations of non-compliance contained in the amended OSC Petition and therefore denies Defendant's motion to dismiss the amended OSC Petition. Defendant does not dispute that the amended OSC Petition, filed on January 19, 2005 occurred prior to the expiration of the five year period of supervised release by one day and that Defendant was in state custody on the date of issuance of the amended OSC Petition. Under <u>Garrett</u>, the filing of the amended OSC Petition before the expiration of supervised relief, and at a time when Defendant was in state custody, does not violate Fed.R.Crim.P. 32.1(b)(2) or 18 U.S.C. §3583(i).

1    The court also concludes that the delay from January 18, 2005, the date of the scheduled

2    contested revocation hearing until the present hearing date is reasonably necessary to adjudicate the

3    supervised release violations.  Defendant contends that he was present in federal custody on January

4    18, 2005 and ready to proceed with a contested revocation hearing and therefore the Government

5    cannot show "'necessity' for the delay of supervised-release-revocation proceedings under §3583(i)."

6    (Motion at p.10:12-13). This argument is not persuasive.  The statute at issue specifically authorizes

7    the court to delay any supervised release term for "any period reasonably necessary" to resolve the

8    alleged supervised release violations.  18 U.S.C. §3583.  Here, the delay was necessary to fully and

9    fairly adjudicate the supervised release allegations.  At the time of the January 18, 2005 hearing,

10   Defendant confronted serious allegations of noncompliance for alleged attempted murder, assault with

11   a firearm, shooting at an inhabited vehicle, and felon in possession of a firearm.  As Defendant

12   contested, and did not admit these allegations, a state court trial was required to resolve the

13   allegations.

14   Moreover, in revoking and modifying a term of supervised release, the court must weigh

15   aggravating and mitigating circumstances as required by 18 U.S.C. §3583(e).  In revoking and

16   modifying a term of supervised release, the court is required to consider the majority of the sentencing

17   factors identified in 18 U.S.C. §3553(a), including the nature and circumstances of the underlying

18   offense, §3553(a)(1), the need to impose a term to deter future criminal conduct and protect the public,

19   §§3553(a)(2)(B) and (C), provide correctional treatment, §3553(a)(2)(D), the kinds of sentence and

20   the sentencing range established by the Sentencing Commission and policy statements, §§3553(a)(4)

21   and (5), the need to avoid unwarranted sentence disparities, §3553(a)(6), and the need to provide

22   restitution to victims of the offense. §3553(a)(7).  In the absence of a state court adjudication of the

23   contested criminal offenses, of the type charged against Defendant, the court could not comply with

24   the mandate of 18 U.S.C. §3583(e) and impose an appropriate sentence.  In the event Defendant was

25   found not criminally liable, there would be no basis to revoke and modify the supervised release term.

26   On the other hand, the imposition of criminal liability permits the court to consider pertinent §3353(a)

27   factors.  In either case, the delay at issue was reasonably necessary to adjudicate the allegations of

28   non-compliance.

1         Defendant also argues that the time he spent in pre-conviction state custody did not toll the

2    period of supervised release under §3583.  As noted by the Government at the time of oral argument,

3    this argument is not persuasive.  (R.T. 14:14 - 16:12).  The determinative factor identified in <u>Garrett</u>

4    is whether the delay is "attributable to a defendant's incarceration on state charges." 253 F.3d at 449.

5    Whether a defendant is in state pretrial or post-conviction custody he is in state custody and therefore

6    this period of delay is not encompassed by §3583.

7         Finally, the court notes, as do the parties, that the underlying procedural history is an

8    infrequent occurrence.  In the ordinary course, a defendant is detained by state authorities, the criminal

9    complaint adjudicated, and then after completion of the state sentence the defendant is transferred to

10   federal custody.  This process allows for informed decision making as there is a record upon which

11   the district court  may base its decision to revoke or modify supervised release.

12        In sum, the court finds that the delay from January 18, 2005 until the present time is reasonably

13   necessary for the fair adjudication of the supervised release violations.  The motion to dismiss the

14   OSC Petition is denied.

15        **IT IS SO ORDERED.**

16   DATED: July 2, 2009

17   _____

18   Hon. Jeffrey T. Miller
     United States District Judge

19

20   cc:       All parties

21

22

23

24

25

26

27

28

- 5 -

89cr0014