# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>vs.<br>LARRY DANIEL,<br><br>            Defendant. | CASE NO. 89cr0014 JM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Defendant Larry Daniel moves for reconsideration of this court's July 2, 2009 Order Denying Motion to Dismiss OSC Petition ("Order"). Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Here, the court denies the motion because Plaintiff fails to set forth any newly discovered evidence, clear error, or an intervening change in law.

Defendant contends that the court wrongfully denied the motion to dismiss the amended OSC Petition because "[i]n reality, it was not 'necessary' for this Court to dismiss the OSC allegations (contained in the first OSC Petitions) so that Mr. Daniel could first face charges in state court before

returning to federal court." (Motion at p.2:5-6). Defendant reasons that the court could have determined by the preponderance of the evidence the veracity of the alleged supervised release violations on January 18, 2005 and therefore any continuance violated Fed.R.Crim.P. 32.1 and 18 U.S.C. §3583(i).

The court rejects Defendant's argument. The issue is not whether the delay in adjudication must be "necessary" in the absolute sense, but whether the continuance is reasonably necessary for the fair adjudication of the supervised release allegations. The fact that the burden of proof in resolving supervised release allegations is by a preponderance of the evidence, and not beyond a reasonable doubt, does not mean that the court may make evidentiary rulings in a vacuum. As noted in the Order, Defendant confronted serious charges, including attempted murder and assault with a deadly weapon, with a potential life sentence. Any adequate resolution of these supervised release allegations requires the full development of a factual record, including live testimony. Principles of comity and judicial economy support deferring a ruling on the supervised release violation allegations until after the state court concluded the criminal proceedings against Defendant.

Furthermore, Defendant cannot demonstrate any prejudice from the delayed revocation hearing. The delay in resolution of the supervised release allegations is not due to the government's conduct, but to Defendant's own criminal conduct. In United States v. Wickham, 618 F.2d 1307 (9th Cir. 1979), the court held that even where a federal warrant for violation of probation had been executed, its service and the subsequent revocation hearing related to the warrant need not take place prior to the completion of an intermediate sentence for a crime committed while on probation. The court noted:

> Ordinarily, to challenge a revocation proceeding, the delay must have been caused by government action that was not the result of the probationer's own criminal conduct. In addition, the delay must have prejudicially affected probationer's ability to contest revocation. Prejudice might result from delays causing probationers difficulty in contesting the alleged facts constituting a violation of their release conditions; hardship in finding and presenting favorable witnesses; or inability to produce evidence of mitigating circumstances which might result in continued probation despite the violation. . . . In Wickham's case, the delay caused none of these things.

///

///

///

1  ///

2  Id. at 1310.  Here, Defendant cannot identify any prejudice in his ability to contest the revocation of

3  supervised release in the present case.

4      In sum, the court denies the motion for reconsideration.

5  **IT IS SO ORDERED.**

6  DATED: July 13, 2009

7  _____
   Hon. Jeffrey T. Miller
8  United States District Judge

   cc:        All parties